UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLEAR SPRING PROPERTY AND CASUALTY COMPANY,<br><br>                Plaintiff,<br>   v.<br><br>KAAJ IDEALS, LLC,<br><br>                Defendant. | CASE NO. 3:21-cv-5782-RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO FILE OVERLENGTH BRIEF AND FOR FINAL DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff Clear Spring Property and Causality Company's Motion for Leave to File Overlength Brief (Dkt. 12) and Motion for Final Default Judgment Against Defendant Kaaj Ideas LLC (Dkt. 13). The Court has reviewed all documents filed with these motions and the remaining file.

Plaintiff's motion should be granted for the reasons set forth in this order.

                I.        PROCEDURAL HISTORY AND FACTS

**A. Procedural History**

Plaintiff filed the complaint in this matter on October 21, 2021, requesting a declaration

on its obligations under an insurance contract. Dkt. 1. According to the complaint, the relationship between the Parties arises out of a marine insurance policy issued by Plaintiff to Defendant (the Policy). Dkt. 13. Plaintiff alleges that Defendant's vessel was in an incident off the Pacific Coast of Costa Rica on August 30, 2021, and that Defendant was not in compliance with the terms of the policy at the time of the incident. *Id.*

On October 25, 2021, Defendant mailed Plaintiff a waiver of service of summons. Dkt. 9. That waiver acknowledged that Defendant must file and serve an answer to Plaintiff's complaint or a motion under Federal Rule of Civil Procedure 12 within 60 days of October 25, 2021, or default judgment may be entered against it. *Id.* Plaintiff has not filed either to date.

On January 11, 2022, Plaintiff filed a motion for entry of default. Dkt. 10. On January 12, 2022, the clerk entered default against Defendant. Dkt. 11. On January 28, 2022, Plaintiff filed the pending motions for leave to file an overlength brief and for default judgment. Dkts. 12 and 13.

**B.  Facts**

The Policy states in relevant part:

**Named Operators:**   Rodney Powell; William Roy Winders

Dkt. 1-2 at 2.

**Additional Warranties, Terms and Conditions:**

Warranted that a minimum of two Named Operators must be on board whenever the Scheduled Vessel is navigating.
Warranted that an additional individual of minimum 21 years of age is to accompany any approved Named Operator, whenever the Scheduled Vessel is navigating, in order to assist with the safe operation of the Scheduled Vessel.
Please note that a trip premium of US$1,400 is included in the annual premium and is deemed fully earned at inception of the policy.
Warranted that the Scheduled Vessel will be located and will only navigate West Coast USA July 1st to November 1st.
Warranted no known or reported losses as at 18th June 2021.

*Id.* at 3.

> **9. General Conditions & Warranties**
> …
> b. It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.
>
> …
> x. It is warranted that the Scheduled Vessel will be operated only by covered persons….

*Id.* at 13–16.

> **11. Service of Suit, Choice of Law And Forum**
> **It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.**

*Id.* at 17.

Plaintiff alleges that Defendant violated these Policy terms in the following ways:

- The Vessel was damaged in an incident off the Pacific Coast of Costa Rica on August 30, 2021.

- At the time of the incident, an individual not listed as a Named Operator was operating the Vessel.

- An investigation into the incident revealed that the Vessel was in an unseaworthy condition for some period prior to the incident.

Dkt. 13 at 3.

## II.  DISCUSSION

### A.  Motion for Leave to File Overlength Brief

Plaintiff moves for permission to file an overlength brief pursuant to Western District of Washington Local Civil Rule (LCR) 7(f)(1). LCR 7(e)(1) provides that a motion for default

ORDER GRANTING PLAINTIFF'S MOTIONS TO FILE OVERLENGTH BRIEF AND FOR FINAL DEFAULT JUDGMENT - 3

judgment shall not exceed six pages.  Under LCR 7(f)(1), however, a party may file a motion requesting approval for an over-length motion.  Plaintiff requests permission to file a motion for Final Default Judgment of eight pages, not including captions, signature block, and declaration of service.  Dkt. 12.

Plaintiff demonstrates that an eight-page motion for default judgment is reasonable based on the facts and law of this case.  Therefore, Plaintiff's Motion for to File Overlength Brief should be granted.

### B. Motion for Default Judgment

A court may order default judgment pursuant to Federal Rule of Civil Procedure 55(b) only after entry of a default by the court clerk.  Entry of a default, however, does not automatically entitle the plaintiff to a court-ordered default judgment.  *See Geddes v. United Financial Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  Instead, all allegations, other than those relating to damages, are presumed to be true, and the court may order default judgment at its discretion considering factors including: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 482 F.2d 1470, 1471 (9th Cir. 1986).

Default judgment is appropriate in this case.  The prejudice factor weighs in Plaintiff's favor because its obligations under the Policy would remain unsettled without a judgment.  The factors on substantive merits of the claim and sufficiency of the complaint also weigh in Plaintiff's favor because Plaintiff provides sufficient information to determine, assuming the

allegations are true, that Defendant materially breached the Policy in numerous ways: by operating the Vessel outside the permitted area; permitting a nonapproved person to operate the Vessel; and by operating the Vessel in an unseaworthy condition. The fourth factor, sum of money at stake, is neutral because Plaintiff seeks only a declaration on its duties. Default judgment would not, for example, entitle Plaintiff to take money from Defendant. While there is a possibility of dispute concerning material facts (factor five), this factor does not weigh strongly against default judgment because this matter is a contract dispute, and contract disputes are generally a question of law. The factor on excusable neglect weighs notably in Plaintiff's favor because Defendant properly signed and returned a Waiver of Service (Dkt. 9). Returning the signed waiver indicates that Defendant had notice of the lawsuit and the risks associated with failure to respond. Defendant could presumably have informed the Court if it needed an extension of time to respond to the complaint. Finally, the factor considering the strong policy of reaching a decision on the merits weighs no more strongly in this case than in any other, so it does not tip the scale against the weight Plaintiff's favor. Therefore, Plaintiff's Motion for Default Judgment (Dkt. 13) should be granted, and Plaintiff is entitled to a declaratory judgment that Defendant's material breach of the Policy voids it from inception.

### III.    ORDER

Therefore, it is hereby ORDERED that:

- Plaintiff's Motion for Overlength Brief (Dkt. 12) **IS GRANTED**; and
- Plaintiff's Motion for Final Default Judgment Against Defendant Kaaj Ideas LLC (Dkt. 13) **IS GRANTED** and such Judgment is entered under Docket No. 15.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of February, 2022.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge